An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-146-2

NORTH CAROLINA COURT OF APPEALS

Filed:  2 September 2014

CENTURY FIRE PROTECTION, LLC,
      Plaintiff,

v.

CURTIS NEAL MAUSER HEIRS;
STEPHEN MAUSER; BETTY MAUSER
SCIPONE; NADEAN M. YODER; J.C.
FAW; and MELVIN HOWELL, d/b/a
"Club Miami"
      Defendants.

Catawba County
No. 12 CVS 1788

Appeal by plaintiff from order entered 24 June 2013 by Judge Timothy S. Kincaid in Catawba County Superior Court. Originally heard in the Court of Appeals 22 May 2014.  Petition for Rehearing allowed 31 July 2014.

*Kenison, Dudley & Crawford, LLC, by Thomas E. Dudley, III, for plaintiff-appellant.*

*Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Stephen L. Palmer, for defendants-appellees.*

DAVIS, Judge.

Century Fire Protection, LLC ("Plaintiff") appeals from the trial court's order awarding attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 to the Curtis Neal Mauser Heirs, Stephen

Mauser, and Betty Mauser Scipone (collectively "the Mauser Defendants"). On 17 June 2014, this Court filed an opinion dismissing Plaintiff's appeal as having been taken from an unappealable interlocutory order, reasoning that the underlying order granting summary judgment in favor of the Mauser Defendants did not resolve the matter as to the remaining defendants. On 18 July 2014, Plaintiff filed a petition for rehearing pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure.

In its petition, Plaintiff argued that the Court had erred by dismissing the appeal because the order appealed from was, in fact, a final judgment. In conjunction with its petition for rehearing, Plaintiff sought to supplement the record with additional documentation showing the resolution of its claims against Defendants Nadean M. Yoder ("Yoder"), J.C. Faw ("Faw"), and Melvin Howell d/b/a "Club Miami" ("Howell"). Based on our review of Plaintiff's petition for rehearing and the exhibits attached thereto, we are now satisfied that the trial court's order granting attorneys' fees to the Mauser Defendants was not interlocutory.[1] As such, we have granted the petition (1) to

---

[1] We take this opportunity to remind Plaintiff's counsel that it is the appellant's burden to demonstrate that this Court has jurisdiction to hear an appeal. *See* N.C.R. App. P.28(b)(4). Where, as here, the order being appealed appears on its face to be interlocutory because it does not resolve all claims against

supplement the record; and (2) to rehear this matter for the purpose of addressing the merits of Plaintiff's appeal. After careful review, we affirm.

## Factual Background

On 27 June 2012, Plaintiff filed a complaint in Catawba County Superior Court against the Mauser Defendants, Yoder, Faw, and Howell (collectively "Defendants"). In its complaint, Plaintiff alleged that it had provided "fire protection materials and labor" pursuant to a contract it had entered into with Faw and Howell, who were acting as agents for the remaining defendants. The complaint further alleged that Plaintiff had "fully performed its obligations under the contract and provided materials and labor . . . in the amount of $52,525.00" but that Defendants had "unreasonably refused to pay Plaintiff's claim." In its complaint, Plaintiff sought recovery under breach of contract and *quantum meruit* theories and sought to enforce its claim of lien against Defendants' real property.

On 3 August 2012, the Mauser Defendants filed an amended answer and motion to dismiss pursuant to Rule 12(b)(6) of the

---

all of the named defendants, it is incumbent upon the appellant to ensure that the record on appeal contains the necessary documentation to show this Court that no further claims remain for resolution in the trial court. As such, the documentation provided to the Court in conjunction with Plaintiff's petition for rehearing should have been included in the original record, and we admonish counsel for failing to include it.

North Carolina Rules of Civil Procedure or, in the alternative, a motion for summary judgment pursuant to Rule 56. The Mauser Defendants' motion was heard by the Honorable Timothy S. Kincaid in Catawba County Superior Court on 28 May 2013. The trial court concluded that (1) no agency relationship existed between the Mauser Defendants and Faw and Howell (who leased property owned by the Mauser Defendants); and (2) there was no contract between Plaintiff and the Mauser Defendants. Accordingly, on 19 June 2013, the trial court entered an order granting summary judgment in favor of the Mauser Defendants with respect to all of Plaintiff's claims. The trial court also awarded the Mauser Defendants $7,860.12 in attorneys' fees by means of a separate order entered 24 June 2013. With regard to the remaining defendants, (1) Plaintiff voluntarily dismissed its claims against Yoder; (2) the trial court entered a default judgment against Howell; and (3) Faw filed for Chapter 11 bankruptcy. Plaintiff appeals from the 24 June 2013 order awarding attorneys' fees to the Mauser Defendants.

## Analysis

Plaintiff's sole argument on appeal is that the trial court erred in awarding attorneys' fees to the Mauser Defendants pursuant to N.C. Gen. Stat. § 44A-35. In actions arising under the provisions of Article 2 (addressing claims of lien on real

property) or Article 3 (addressing payment and performance bonds) of Chapter 44A of the North Carolina General Statutes, the presiding judge is authorized to award a reasonable attorneys' fee to the prevailing party "upon a finding that there was an unreasonable refusal by the losing party to fully resolve the matter which constituted the basis of the suit or the basis of the defense." N.C. Gen. Stat. § 44A-35 (2013). "Thus, the statute requires the satisfaction of two elements for attorneys' fees to be properly awarded: (1) the party so awarded must be the prevailing party, and (2) the party being required to pay attorneys' fees must have unreasonably refused to resolve the matter." *S. Seeding Serv., Inc. v. W.C. English, Inc.*, ___ N.C. App. ___, ___, 735 S.E.2d 829, 835 (2012).

On appeal, this Court reviews an award of attorneys' fees under N.C. Gen. Stat. § 44A-35 for abuse of discretion. *Terry's Floor Fashions, Inc. v. Crown Gen. Contr'rs, Inc.*, 184 N.C. App. 1, 17, 645 S.E.2d 810, 820 (2007), *aff'd per curiam*, 362 N.C. 669, 669 S.E.2d 321 (2008). "To demonstrate an abuse of discretion, the appellant must show that the trial court's ruling was manifestly unsupported by reason, or could not be the product of a reasoned decision." *Id.* (citation and quotation marks omitted).

In this case, the trial court made the following findings of fact in its order awarding attorneys' fees to the Mauser Defendants:

1. The suit brought against the Mauser Defendants, and defended by them, was done so under Article 2 of Chapter 44A of the North Carolina General Statutes.

2. The Mauser Defendants are the prevailing party in the suit.

3. The Mauser Defendants engaged in no actions which could have subjected them to liability to the Plaintiff as alleged in the Complaint.

4. The Plaintiff was advised in writing by counsel for the Mauser Defendants of the insufficient basis, both legally and factually, under which the Plaintiff sought to impose liability against the Mauser Defendants.

5. After being advised of the insufficient legal and factual basis under which the Plaintiff sought to impose liability against the Mauser Defendants the Plaintiff unreasonably refused to resolve the matter which constituted the basis of the Plaintiff's complaint.

6. The Mauser Defendants are entitled to recover their costs incurred in defending this suit, including reasonable attorney fees under N.C.G.S. § 44A-35, from the Plaintiff.

7. The Mauser Defendants have incurred attorney fees in defending this suit to the law firm of Anthony & Brown, P.L.L.C. The court finds that $2,080.12 is a reasonable fee for the legal services provided to the Mauser Defendants by Anthony & Brown,

> P.L.L.C.
>
> 8. The Mauser Defendants have also incurred attorney fees in defending this suit to the law firm of Sigmon, Clark, Mackie, Hanvey and Ferrell, P.A. The court finds that $5,780.00 is a reasonable fee for the legal services provided to the Mauser Defendants by Sigmon, Clark, Mackie, Hanvey and Ferrell, P.A.

Plaintiff does not dispute the fact that the Mauser Defendants were the prevailing parties in this matter. Rather, Plaintiff argues that awarding attorneys' fees was inappropriate because "[t]here is simply no evidence on the record of any unreasonable conduct by Plaintiff." We disagree.

Plaintiff's claims against the Mauser Defendants were premised on its assertions that (1) Faw and Howell were agents of the Mauser Defendants; and (2) Faw and Howell entered into the contract with Plaintiff "with the express consent of [the Mauser Defendants]." In their responsive pleading filed on 3 August 2012, the Mauser Defendants asserted that (1) they had never given Faw or Howell consent to contract with Plaintiff on their behalf; (2) Faw and Howell were not authorized to act as agents for the Mauser Defendants; (3) the Mauser Defendants had not entered into any express or implied contract with Plaintiff; and (4) "[t]here is no evidence, nor does Plaintiff allege even an iota of evidence" that supports its allegations of either an agency relationship or consent by the Mauser Defendants for Faw

or Howell to contract with Plaintiff.

In a letter dated 4 April 2013, counsel for the Mauser Defendants reiterated to Plaintiff's counsel that the allegation of an agency relationship between the Mauser Defendants and Faw or Howell was factually baseless and requested that Plaintiff dismiss its claims against the Mauser Defendants since each of those claims was premised on the existence of such an agency relationship. Finally, on 9 May 2013, the Mauser Defendants' counsel served Plaintiff with affidavits from the Mauser Defendants which asserted that (1) Faw and Howell entered into the contract for improvements to the property without the Mauser Defendants' consent or knowledge; and (2) the Mauser Defendants had never authorized Faw or Howell "to act as their agent in any regard, and in particular, with respect to contracting for the improvements provided for in the Contract."

Plaintiff nevertheless proceeded with its claims and, at the 28 May 2013 hearing, failed to present any evidence refuting the facts attested to in the affidavits. Consequently, the trial court concluded that there was "nothing to show" that an agency relationship existed or that the Mauser Defendants were liable to Plaintiff under any theory.

As such, given Plaintiff's decision to go forward with its claims against the Mauser Defendants despite being informed

multiple times that its claims against them were baseless and despite their inability to offer evidence in support of these claims, we cannot conclude that the trial court abused its discretion by determining that Plaintiff's refusal to resolve these claims was unreasonable.[2]

**Conclusion**

For the reasons stated above, we affirm the trial court's 24 June 2013 order.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).

---

[2] Plaintiff argues, in the alternative, that if an award of attorneys' fees was appropriate, the award should be limited to fees incurred after 9 May 2013 — the date the Mauser Defendants filed their motion seeking attorneys' fees. Plaintiff cites no legal authority for the proposition that an award of attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 must be limited in this manner. *See Moss Creek Homeowners Ass'n v. Bissette*, 202 N.C. App. 222, 233, 689 S.E.2d 180, 187 (declining to address argument concerning propriety of trial court's award of attorneys' fees where appellants failed to cite any legal authority in support of their position), *disc. review denied*, 364 N.C. 242, 698 S.E.2d 402 (2010). Moreover, we note that the Mauser Defendants originally included their request for attorneys' fees under N.C. Gen. Stat. § 44A-35 in their answer to Plaintiff's complaint. Accordingly, this argument is overruled.